

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SINGH VIKRANT,<br><br>                              Petitioner,<br><br>    v.<br><br>JEREMY CASEY, *et al.*,<br><br>                              Respondents. | Case No. 26-cv-00779-BAS-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)** |

Petitioner Singh Vikrant filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained in immigration custody without bond. (ECF No. 1.)  He requests that he be released immediately.  (*Id.*)  The Government responded to the Petition, arguing the Petitioner is subject to mandatory detention under 8 U.S.C. §1225(b) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (ECF No. 4.)  Petitioner filed a Traverse.  (ECF No. 5.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be released forthwith.

//

//

- 1 -

26cv0779

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II.   STATEMENT OF FACTS

Petitioner is an asylum seeker from India.  (Pet. ¶ 1, ECF No. 1.)  He arrived in the United States on July 29, 2023, and was released from custody under 8 U.S.C. § 1226(a)(2)(B).  (*Id.*)  Petitioner obtained work authorization and complied with all the terms of his release.  (*Id.* ¶ 54.)  Despite no material change in circumstances, Immigration and Customs Enforcement ("ICE") re-detained him and now claims he is subject to mandatory detention under § 1225(b) and *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (*Id.*)  Petitioner requests that he be released forthwith under the same terms and conditions as he has been under since 2023.  (ECF No. 1.)

## III.  ANALYSIS

This Court has previously held in multiple cases that it agrees with the Central District in *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025), that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.  *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  Hence, for all of the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

//

26cv0779

## IV.    CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Singh Vikrant (A#245-068-423) be released forthwith from immigration custody under the same terms and conditions as his previous release in July 2023.

**IT IS SO ORDERED.**

**DATED: February 24, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv0779